**Richard Jack MILLS, Petitioner–Appellant,**

v.

**Jean HILL, Superintendent, Respondent–Appellee.**

No. 06–35139.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 29, 2006.

C. Renee Manes, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Youlee Yim You, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

---

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner Richard Jack Mills appeals the district court's judgment denying his petition for writ of habeas corpus. Mills was convicted in Oregon state court following a jury trial for Assault in the First Degree and sentenced to a ninety-month prison term followed by three years of post-prison supervision. Following unsuccessful appeals on both direct and collateral review in state court, Mills filed his petition for writ of habeas corpus in federal district court. The district court denied habeas relief and certified one issue for appeal, namely whether Mills's trial counsel was ineffective. We decline to grant Mills's motion to consider the uncertified issue as it lacks merit. *See* 28 U.S.C. § 2253(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.

As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. Mills fails to demonstrate ineffective assistance of counsel under the familiar framework of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record belies Mills's assertion that trial counsel failed adequately to voir dire a juror and to conduct a sufficient post-trial investigation into juror bias as part of the motion for a new trial. The record shows the following: (1) trial counsel specifically asked the juror whether she knew Mills's brother. The transcript shows her answer as "inaudible," but trial counsel later swore in an affidavit that she had denied knowing Mills's brother. On this record, we cannot say trial counsel was deficient for not asking follow-up questions; (2) when asked by the trial judge, the juror did not state she had any connection with the case or bias; (3) trial counsel timely moved for a new trial or for a dismissal upon learning the juror might have known Mills's brother; (4) trial counsel called Mills's brother to testify at the hearing on the motion for a new trial; (5) Mills's brother unambiguously stated during the hearing that he did not personally know the juror. Although evidence that Mills's brother might have disciplined the juror was discovered four years later, given this response at the time of the motion for a new trial, we cannot hold that Mills's counsel was unreasonable in deciding at that point against further investigation; and (6) trial counsel vigorously advocated for a new trial based on the sparse evidence that existed connecting the juror to Mills's brother. We see no basis on these facts to hold that trial counsel's performance "fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.